## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-00715 SRC |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### **Memorandum and Order**

This matter is before the Court upon review of a civil complaint and request for leave to proceed *in forma pauperis*, filed by Joseph Michael Devon Engel, prison registration number 1069055.[1] The Court denies Engel's request and dismisses this action without prejudice to the filing of a fully-paid complaint.

### **Background**

On September 3, 2020, Engel began filing civil actions *pro se* in this Court, each time seeking leave to proceed *in forma pauperis*. His first case, a petition for habeas corpus relief under 28 U.S.C. § 2254, was dismissed on December 14, 2020 due to his failure to exhaust available state remedies. *Engel v. Payne*, No. 4:20-cv-1211-DDN, Doc. 8 (E.D. Mo. Sept. 3, 2020). Subsequently, he began filing prisoner civil rights complaints pursuant to 42 U.S.C. § 1983. For the most part, he submitted his pleadings in bulk, and stated that he intended each set of pleadings to be docketed as an individual civil action.

---

[1] Engel has not filed a separate Application to Proceed in District Court Without Prepaying Fees or Costs. Instead, he included the request in the body of the complaint.

In many of his complaints, Engel listed numerous entities and officials identified only by generic job titles, and sought trillions of dollars in damages against them based upon wholly conclusory and nonsensical allegations. *See, e.g., Engel v. Corizon*, No. 4:20-cv-1695-NAB (E.D. Mo. Nov. 30, 2020) (listing 45 defendants on handwritten notes included with complaint); *Engel v. CO1*, No. 4:20-cv-1923-HEA (E.D. Mo. Dec. 20, 2020) (naming 49 defendants, but none by a first and last name). Engel often sought forms of relief that were unrelated to his claims (such as stocks, properties, outfitted luxury vehicles, and college scholarships) from multiple defendants and non-parties, and he sought relief on behalf of individuals other than himself. *See e.g., Engel v. CO1, et al.,* No. 4:20-cv-1620-NCC (E.D. Mo. Nov. 9, 2020) (seeking scholarships for family members, Missouri farmland for marijuana cultivation, and Mercedes SUVs that are "bulletproof" and "bombproof"); *Engel v. USA*, No. 4:20-cv-1742-MTS (E.D. Mo. Dec. 1, 2020) (seeking 250 trillion dollars and 2 million in stocks of twenty-three listed countries); and *Engel v. Mercy Hospital Festus*, No. 4:20-cv-1911-AGF (E.D. Mo. Dec. 11, 2020) (seeking 8900 trillion dollars plus 10 million stocks in various metals, gems, food products, and U.S. and foreign currencies). Engel repeatedly referred to (and appeared to partially base his entitlement to relief upon) his alleged status as a "sovereign citizen." *See e.g., Engel v. Governor of Missouri*, No. 1:20-cv-217-HEA (E.D. Mo. Oct. 7, 2020).

The cases that were reviewed pursuant to 28 U.S.C. § 1915(e)(2) were dismissed, either for one of the reasons articulated therein[2] or because Engel failed to comply with Court orders. In

---

[2] For example, in many of Engel's actions, the Court determined his allegations were "clearly baseless" and therefore factually frivolous under the standard articulated in *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), and also determined many complaints were subject to dismissal as malicious based upon the nature of his pleadings and his abusive litigation practices. *See e.g., Engel v. Prob. & Parole of Mo.*, No. 4:20-cv-1740-DDN, Doc. 5 at p. 6 (E.D. Mo. dismissed Dec. 22, 2020) (listing twenty-nine of Engel's cases naming Missouri Department of Corrections as a defendant); *Engel v. Corizon*, No. 4:20-cv-1812-NAB, Doc. 4 at pp. 8-9 (E.D. Mo. dismissed Jan. 6, 2021) (discussing Engel's litigation practices as part of an attempt to harass named defendants and not a legitimate attempt to vindicate a cognizable right).

*Engel v. Missouri Courts*, No. 4:20-cv-1258-SPM (E.D. Mo. Sept. 15, 2020), the Honorable Henry Edward Autrey cautioned Engel to avoid the practice of repeatedly filing frivolous and malicious complaints. Judge Autrey explained that doing so amounted to abusive litigation practices and could affect Engel's future eligibility to proceed *in forma pauperis* as well as potentially subject him to sanctions. Nevertheless, Engel continued the practice. As of December 21, 2020, he was subject to 28 U.S.C. § 1915(g). In cases filed after that date, Engel was denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g), and his cases were dismissed without prejudice to the filing of a fully-paid complaint.

As of December 31, 2020, Engel had filed more than 130 civil actions. Additionally, the Court has received civil rights complaints that were filed by prisoners other than Engel but were in Engel's handwriting and contained allegations and prayers for relief similar to those he asserted in actions he filed on his own behalf. *See e.g., Herron v. ERDCC et al.,* No 4:21-cv-527-NAB (E.D. Mo. May 3, 2021). Finally, on June 9, 2021, Engel filed five new civil complaints pursuant to 42 U.S.C. § 1983 on his own behalf, including the one at bar. These new complaints mirror the ones described above. In sum, Engel has flagrantly disregarded this Court's prior caution to avoid engaging in abusive litigation practices.

**The Complaint**

Engel filed the instant complaint on or about June 9, 2021 pursuant to 42 U.S.C. § 1983 against the United States of America, the Missouri Department of Corrections ("MDOC") and the Missouri Eastern Correctional Center ("MECC"). He identifies himself by name, and as "Sovereign Citizen Missouri."

Engel, an inmate at MECC, seeks to have the United States of America, the MDOC, the MECC, and the Federal Prisons to recognize the "Aryan Seperest." He states that he is a member

of "Asatru/Odinism/Catholicism/Paganism."  Engel asserts that he has a right to be a member of his religious group, "just like Muslims and MSTOFA."  He states that "they" can't be racist against "us."  Engel does not state whether someone, such as one of the defendants, has been allegedly "racist."

Engel asserts that "[t]he CRD is kinda like our diet but twice what you get."  He does not identify what "CRD" refers to.  Nor does he indicate whether he has been deprived of "CRD."  Engel also states that he is unable to get his religious material.  However, he does not identify exactly what religious material he is referring to.  Engel also states, "[w]e can have bread wheats."[3]  For relief, Engel seeks "700 Billion Dollars Plus 1,000 in Stocks in All Major Cell Phone Company's [sic] and Car Dealerships."

## Discussion

As discussed above, Engel is a prisoner who, while incarcerated, has filed at least three civil actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[4]  The Prison Litigation Reform Act of 1996 provides, in relevant part:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  "A prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal."  *Coleman v. Tollefson*, 575 U.S. 532, 135 S. Ct. 1759,

---

[3] The Court is unable to discern what Engel is referring to in his complaint.
[4] *See Engel v. Governor of Missouri, et al.,* No. 1:20-cv-217 HEA (E.D. Mo. Dec. 15, 2020); *Engel v. United States of America, et al.*, No. 4:20-cv-1742 MTS (E.D. Mo. Dec. 18, 2020); *Engel v. Missouri Courts, et al.,* No. 4:20-cv-1258 SPM (E.D. Mo. Dec. 21, 2020).

4

1763 (2015). Therefore, Engel may proceed *in forma pauperis* in this action only if he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The instant complaint contains no allegations establishing that Engel is under imminent danger of serious physical injury. Therefore, he may not proceed *in forma pauperis* in this action. *See* 28 U.S.C. § 1915(g). Moreover, even if plaintiff could proceed *in forma pauperis* in this matter, the complaint would be dismissed.

"Generally, sovereign immunity prevents the United States from being sued without its consent." *Iverson v. United States*, 973 F.3d 843, 846 (8th Cir. 2020); *see also Hinsley v. Standing Rock Child Protective Services*, 516 F.3d 668, 671 (8th Cir. 2008) (stating that "[i]t is well settled that the United States may not be sued without its consent"). Thus, to sue the United States, a plaintiff must show a waiver of sovereign immunity. *See V S Ltd. Partnership v. Dep't of Housing and Urban Development*, 235 F.3d 1109, 1112 (8th Cir. 2000). Such a waiver must be "unequivocally expressed" and "cannot be implied." *See United States v. King*, 395 U.S. 1, 4 (1969); *see also College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 682 (1999) (stating that "in the context of federal sovereign immunity . . . it is well established that waivers are not implied"). There is no indication that such a waiver is present in this action.[5] Thus, Engel's claims against the United States are barred by sovereign immunity.

The complaint also fails to state a claim upon which relief may be granted against the MDOC and the MECC as these entities are not "persons" that can be sued under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Additionally, these entities

---

[5] The Federal Tort Claims Act (FTCA) removes the sovereign immunity of the United States from suits in tort. *See White v. United States*, 959 F.3d 328, 332 (8th Cir. 2020) (explaining that the "FTCA waives sovereign immunity and allows the government to be held liable for negligent or wrongful acts by federal employees committed while acting within the scope of their employment"). However, Engel has not alleged a tort against an employee of the United States in this action.

are protected by the state doctrine of sovereign immunity. *See Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018). Engel does not allege that the Missouri Attorney General was personally involved in or directly responsible for any misconduct that caused a violation of his civil rights, *see Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990), and his allegation of entitlement to relief based upon his status as a "sovereign citizen" is frivolous. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983); *see also United States v. Benabe*, 654 F.3d 753, 761–67 (7th Cir. 2011) (describing the conduct of a "sovereign citizen" and collecting cases rejecting the group's claims as frivolous, and recommending that "sovereign citizen" arguments "be rejected summarily, however they are presented.").

Finally, the Court also dismisses this action because it appears to be malicious. *See Spencer v. Rhodes*, 656 F. Supp. 458, 461–63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987) (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right). As stated above, Engel has filed over 130 other complaints in this Court alleging that his civil rights have been violated by these defendants and other state and local entities and officials. Engel submits the pleadings in bulk, and he specifies that he intends each set of pleadings to be docketed as an individual civil action. The nature of those pleadings and Engel's claims for damages are roughly the same as those in the instant action. It therefore appears that this action is part of an attempt to harass these defendants and others by bringing repetitious lawsuits, rather than a legitimate attempt to vindicate a cognizable right. *See Spencer*, 656 F. Supp. at 461–63; *see also In re Billy Roy Tyler*, 839 F.2d 1290 (8th Cir. 1988) (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits). This action is subject to dismissal for this reason, as well.

Engel is once again advised that his litigation practices are abusive and is cautioned to avoid such practices in the future. For each such complaint he files, the Court will instruct the

Clerk of Court to begin debiting his prison account to pay the civil filing fees. Second, the practice of repeatedly filing meritless lawsuits can be interpreted as an abuse of the judicial process, which can result in court-imposed limitations on the ability to bring future lawsuits. This Court is "vested with the discretion to impose sanctions upon a party under its inherent disciplinary power." *Bass v. General Motors Corp.*, 150 F.3d 842, 851 (8th Cir. 1998) (citations omitted). This includes the discretion to craft and impose sanctions to deter litigants from engaging in "conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991); *see also Tyler*, 839 F.2d at 1292 (affirming the district court's *sua sponte* determination that a litigant should be limited to filing one lawsuit per month pursuant to certain conditions precedent as a sanction for the litigant's repeated abuse of the judicial process). These powers stem from "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)).

Accordingly, the Court denies Engel's request for leave to proceed *in forma pauperis*, and dismisses this case without prejudice to the filing of a fully-paid complaint. A separate order of dismissal will be entered herewith. Additionally, the Court will instruct the Clerk of Court to request that the agency having custody of Engel begin making payments in accordance with 28 U.S.C. § 1915(b)(2) until the full $402 civil filing fees are paid in full.

So Ordered this 12th day of July, 2021.

SL R. CR

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**

7